IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MUSTAFA K. EL-MIN,

    Petitioner,                   No. CIV S-09-3105 EFB P

    vs.

RICHARD IVES,[1]

    Respondent.               ORDER

                                /

      Petitioner is a federal prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2241. He asserts he lost good conduct sentence credit following prisoner disciplinary proceedings which he alleges were not conducting in accordance with the due process requirements of the Fourteenth Amendment. On January 29, 2009, petitioner was assessed a 40 day loss of good conduct sentence credit for possessing a cellular phone and a 7 day loss for assault. Answer, Ex. 1 at Attach. 3. Petitioner challenges the loss of sentence credit associated with the finding that he possessed a cellular phone.

////

---

[1] Richard Ives, the warden at petitioner's current place of incarceration, is hereby substituted as respondent in this action. *Dunbar v. Cranor*, 202 F.2d 949, 950 (9th Cir. 1953). *See* Fed R. Civ. P. 25(d).

Petitioner's rights arising under the Due Process Clause of the Fourteenth Amendment regarding prison disciplinary proceedings which result in the loss of good conduct sentence credit are limited to the following:

1)  Advance written notice of the charges;

2) An opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in their defense;

3) A written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action; and

4) That the findings of the prison disciplinary board be supported by some evidence in the record.

*Superintendent v. Hill*, 472 U.S. 445, 454 (1985).

Petitioner asserts that the finding that he possessed a cellular phone was not supported by sufficient evidence.[2] The hearing on the possession of a cellular phone charge was held on January 23, 2009 by Officer B. Auterson.  At the hearing, Officer Auterson considered the "Incident Report" of Counselor V. Bachman. Pet. at 8.  The report, drafted December 10, 2008, reads as follows:

> While conducting rounds on the A-A side of A-unit, I observed room 203 with it's door window covered.  I peeked thru a crack in the covering and observed inmate 22650-044 El-Min leaning over his bed talking.  I opened the door and asked El-Min what he was doing and he replied reading a book.  I then instructed him to step away from the bed and put his hands on the desk.  He refused and wrapped an object from the bed into his blanket and started saying "Look Bachman, I'll tell you anything you want to know."  I again ordered him to step back and put his hands on the desk, at which time he made the statement "I'll tell you anything you want" but refused to comply with the order.  At that point, I stepped up and grabbed the blanket and during a period to gain control of the

---

[2] Petitioner also argues that he was not provided notice that he was being charged with possessing a cell phone upon being placed in "administrative detention" based on those charges. Because this claim does not concern the fact of or the duration of petitioner's confinement, it is not an appropriate claim in an action for writ of habeas corpus. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).

| | |
|---|---|
| 1 | blanket, he then took a black and silver object with a lit up, one inch LCD panel that appeared to be a cell phone out of the blanket and proceeded to push me into the bed and wall to get to the room's toilet. He threw the object into the toilet and flushed it down. Before it went out of site, I clearly observed the numerical pad of a cell phone. I then ordered him to the back wall of the room to which he complied, and called for assistance. |

*Id*. at 12. Also, at the hearing, petitioner admitted that he did in fact posses a cell phone on the day he was confronted by Bachman. *Id*. at 7.

In his petition, petitioner asserts the evidence supporting the finding that he possessed a cell phone is insufficient because the cell phone was never retrieved despite the fact that the toilet in petitioner's cell, as well as the water line leading to the toilet were searched. *Id*. at 3-4. Petitioner also asserts no telephone records indicating petitioner possessed a cell phone were recovered. *Id*. at 4.

As indicated above, it is required under the Due Process Clause that a finding in a disciplinary proceeding where good conduct sentence credit is revoked be supported only by "some evidence." In determining whether there is "some evidence" to support a disciplinary finding, the court is not to make its own assessment of the credibility of witnesses or reweigh the evidence. *Hill*, 472 U.S. at 455.

The report of Counselor Bachman and petitioner's own admission are evidence that he did in fact posses a cellular phone in prison on December 10, 2008. Petitioner's argument that the phone was never found and that no phone records indicating cell phone use were recovered could be used to assess the credibility of Bachman, but that is an assessment this court is precluded from making. For these reasons, petitioner's application for writ of habeas corpus will be denied.

////

////

////

////

1    Accordingly, IT IS HEREBY ORDERED that

2    1. Petitioner's application for writ of habeas corpus is denied; and

3    2. The Clerk is directed to close the case.

4  DATED: March 23, 2011.

```
                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE
```

4